UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

---

NANO MOBILE HEALTHCARE, INC.,

    Plaintiff,

v.                                              Case No.

DAVID NOAH KITTLE,

    Defendant.

---

**COMPLAINT FOR DECLATORY JUDGMENT**

Plaintiff Nano Mobile Healthcare, Inc. ("VNTH"), through undersigned counsel, seeks declaratory relief stating that Defendant David Kittle has no legal control over the company and that VNTH is legally authorized to obtain access to the United States Securities and Exchange's Edgar filing system, in support of which it alleges as follows:

1. This is an action for declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. In this action, Defendant Kittle has been duly terminated as president and CEO of VNTH, but despite receiving formal notice of his termination, Kittle refuses to leave his position.

3. Because of the dispute, on January 19, 2022, the United States Securities and Exchange Commission informed VNTH that it has frozen VNTH's access to the Central Index Key (CIK), which allows it to file in the SEC's Edgar filing system, until VNTH can provide it with a court order from a court of competent jurisdiction stating that VNTH is legally authorized to obtain access to the system.

1

## PARTIES

4.      VNTH is public company incorporated in Nevada and headquartered in Boston, Massachusetts, trading on the over-the-counter markets. It is a gaming, crypto and NFT engagement company

5.      Kittle resides in Beverly Hills, California.

## JURISDICTION

6.      The Court's jurisdiction in this matter arises under 28 U.S.C. § 1331, in that this is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and that the Court has diversity jurisdiction under 28 U.S.C. § 1332, in that the Plaintiff resides in Massachusetts and the Defendant resides in California.

7.      Venue is appropriate under 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events giving rise to this action occurred within this District, and because Defendant Kibble is subject to personal jurisdiction in this District because his actions intentionally caused harm to the Plaintiff in this District.

## FACTS

8.      After years of VNTH's efforts to raise funds for its business, on August 2, 2022, Alpharidge Capital, LLC bought the control block of VNTH preferred shares with more than 60% vote. The purpose was to clean up the company's filings and make them current and halt the company's non-stop death-spiral dilutions.

9.      With Alpharidge's control in place, VNTH's CEO, Robert Chicoski, resigned and Alpharidge President and CEO Frank I. Igwealor became the President, CEO, and Chair of the Board of Directors. *See* Exhibit 1.

10. On October 14, 2021, Alpharidge, through its Entrepreneurship Development Initiative, appointed Defendant David Noah Kittle to become VNTH CEO. *See* Exhibit 2. Alpharidge retained its control block and shares and kept control of the company.

11. On January 14, 2022, the Board terminated Kittle's tenure as CEO, using the same authority that it exerted to hire him. *See* Exhibit 3. Alpharidge still kept control and started actively searching for a new CEO. Kittle has 10 million shares of the Company's 3,273,765,298 outstanding shares of common stock and his mother has another seven million shares of the Company's common stock, all awarded as hiring incentive on October 14, 2021. Even added together, these shares do not give Kittle a control block of shares.

12. VNTH filed a statement on the SEC's Edgar system that stated:

> On January 14, the Company parted ways with Mr. David Noah Kittle, who was previously appointed President and CEO of the Company on October 14, 2021. Mr. Kittle's departure was not the result of any dispute or disagreement with the Company or the Company's Board of Directors on any matter relating to the operations, policies or practices of the Company. The Company needed a jolt and change of leadership to help it capitalize on emerging opportunities in the Web3, Gaming, Crypto and Metaverse industries. The Company has begun a search for a new President and CEO.

13. On January 19, 2022, Alpharidge appointed Frank I. Igwealor as the President and CEO of VNTH.

14. Despite the company's decision, Kittle continues to assert that he has control over VNTH. On January 18, 2022, Kittle posted two tweets on Twitter, claiming that Igwealor had no basis for reporting that Kittle had been terminated as CEO and that the SEC was investigating. Exhibit 4.

15.     Between January 14, 2022 and January 19, Kittle informed the SEC that he retained control over the company. Exhibit 4, page 2. As a result, the SEC blocked Igwealor and VNTH from access to the Edgar filing system pending a court opinion on VNTH's authority. *See* Exhibit 5. In fact, Kibble has no legal authority to assert such control, and any such assertion amounts to fraud. Exhibit 6.

## CLAIM FOR RELIEF - DECLARATORY JUDGMENT

16.     The Plaintiff hereby incorporates Paragraphs 1 through 14 as if fully set forth herein.

17.     This is an action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

18.     An actual case and controversy exists between the parties that may be adjudicated by this Court consistent with Art. III, § 2, cl.1 of the U.S. Constitution.

19.     VNTH has taken affirmative action to remove Defendant Kittle as President of VNTH.

20.     Despite this action, and VNTH's clear authority to take such action, Kittle continues to assert that he has control over the company, when, in fact, he has none.

21.     As a result of Kittle's action, VNTH has no control over its public filings on the SEC's Edgar system.

22.     This loss of control is causing VNTH daily harm and will continue to cause harm.

23.     As the SEC has informed VNTH that it requires in order to restore VNTH's control over its Edgar filings, VNTH seeks a declaratory judgment that Kittle has no legal

control over the company and that VNTH is legally authorized to obtain access to the CIK.

## DEMAND FOR RELIEF

WHEREFORE, VNTH demands judgment as follows:

A. A declaratory judgment that Kittle has no legal authority over VNTH and that VNTH is legally authorized to obtain access to the SEC's CIK.

B. Attorneys' fees, costs and interest according to applicable law.

C. Preliminary and permanent injunctive relief prohibiting Kittle from claiming to have any legal authority over VNTH and any other such other relief as this Court deems just and proper.

| | |
|---|---|
| January 25, 2022 | Timothy Cornell (BBO# 654412)<br>CORNELL DOLAN, P.C.<br>Ten Post Office Square, Suite 800 South<br>Boston, Massachusetts 02110<br>(617) 850-9036<br>tcornell@cornelldolan.com |